We do not deem it necessary to discuss the point raised by the appellants that the determination complained of was not reviewable on certiorari, because we are satisfied that they correctly construed the statute, by virtue of which the apportionment of expenses sought to be reviewed was made. (Laws of 1882, chap. 353, § 13.) That section provides that the salaries and expenses of the board of railroad commissioners shall be borne by the several railroad companies, according to their means, to be apportioned by the comptroller and State assessors, who shall assess upon each of said corporations "its just proportion of such expenses, one-half in proportion to its net income for the year next preceding that in which the assessment is made and one-half in proportion to the length of the main track or tracks on road." *Page 268 
The relators contend that where, between two terminal points, there are laid two or more parallel tracks, all of them are main tracks, and that the assessment is to be made, not according to the length of those tracks, that is, the distance between the two terminal points, but according to the aggregate of the lengths of all the rails laid on all the tracks.
The appellants determined that the "length of the main track or tracks" meant the distance between two points, i.e., the length of the road; and in this we think they were right. Where several tracks are laid between the same points, and parallel with each other, the length of all must be the same, andlength is the quality, according to which the apportionment is required to be made, not the quantity or number of miles of railroad laid.
It is argued that the use of the terms "main track or tracks" indicates a different intent, and that if it had been intended that only a single track should be measured the term "main track" would have been used.
We do not think this argument by any means conclusive. Suppoing that the statute had exclusive reference to railroads which were operated only between two points, but between those two points some of them had numerous parallel tracks, there would be more force in the argument, yet it would not be conclusive, for if all those tracks are to be considered as main tracks it would only be descriptive of the road to speak of the length of its main tracks, and would not indicate that all the lengths of those parallel tracks were intended to be aggregated. But when it is considered that, although the statute embraced some roads which had only one line, it also embraced other roads which were operated between several different terminal points, in different directions, and that each line had a main track, it is obvious that if all of these main tracks were to be included, accuracy of expression required that the terms "length of main track or tracks" should be employed, and their use indicates no intention that anything but the length of each road, including its several branches and auxiliary lines, if any, should be considered. *Page 269 
The judgment of the Supreme Court should be reversed and the proceedings of the appellants affirmed, with costs against the relators in both courts.
All concur.
Ordered accordingly.